**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>JEVIC HOLDING CORP., *et al.*,[1]<br>Debtors. | Case No. 08-11006 (BLS)<br>Chapter 7<br>(Jointly Administered)<br>**RE: D.I. 1865 (Case No. 08-11006-BLS)**<br>     **D.I. 21 (Case No. 08-11007-BLS)**<br>     **D.I. 27 (Case No. 08-11008-BLS)** |

**NOTICE OF DEADLINES TO FILE: (I) PROOFS OF CLAIM AND
(II) REQUESTS FOR PAYMENT OF CERTAIN ADMINISTRATIVE
EXPENSE CLAIMS PURSUANT TO 11 U.S.C. § 503(b)**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ESTATES OF THE FOLLOWING CHAPTER 7 DEBTORS:**

| DEBTOR | CASE NUMBER |
|---|---|
| Jevic Holding Corp. | 08-11006 (BLS) |
| Creek Road Properties, LLC | 08-11007 (BLS) |
| Jevic Transportation, Inc. | 08-11008 (BLS) |

**PLEASE TAKE NOTICE** that, on May 20, 2008, Jevic Holding Corp., Creek Road Properties, LLC and Jevic Transportation, Inc. (the "Debtors") commenced their respective bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that, effective as of June 5, 2018 (the "Conversion Date"), the Bankruptcy Court converted the Bankruptcy Cases to cases under chapter 7 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the Office of the United States Trustee for the District of Delaware has appointed George L. Miller as the Chapter 7 Trustee (the "Trustee") for the Debtors' estates (the "Estates").

**PLEASE TAKE FURTHER NOTICE** that, on December 3, 2018, the Bankruptcy Court entered the *Order (i) Establishing the Deadline to File Proofs of Claim and Requests for Payment of*

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Jevic Holding Corp. (8738), Creek Road Properties, LLC (9874) and Jevic Transportation, Inc. (3402).

*Certain Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b), (ii) Approving Form and Manner of Notice thereof and (iii) Granting Related Relief* [Case No. 08-11006-BLS/D.I. 1862; Case No. 08-11007-BLS/D.I. 19; Case No. 08-11008/D.I. 25] (the "Bar Date Order").

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bar Date Order:

    **The General Bar Date.**  The deadline for all persons or entities (except as otherwise provided in this Order and excepting Governmental Units (as defined in section 101(27) of the Bankruptcy Code)) to file proofs of claim (a "Proof of Claim") against the Debtors on account of claims arising, or which were deemed to have arisen by virtue of section 501(d) of the Bankruptcy Code, prior to the Petition Date, including claims allowable under sections 503(b)(9) and 503(b)(1)(A)(ii) of the Bankruptcy Code, and claims for rejection damages resulting from the rejection by the Debtors of any executory contract or unexpired lease (each, a "Prepetition Claim") shall be **February 21, 2019 at 5:00 p.m. (Prevailing Eastern Time) (the "General Bar Date")**.

    **The Chapter 11 Administrative Claim Bar Date**.  The deadline for all persons or entities (except as otherwise provided in this Order and excepting Governmental Units) to assert any right to payment constituting an actual, necessary cost or expense of administering the Bankruptcy Cases or preserving the Estates under section 503(b) of the Bankruptcy Code (a "Chapter 11 Administrative Claim")[2] that arose during the period from and including December 13, 2012, through and including June 4, 2018 (the day before the Conversion Date) (the "Chapter 11 Administrative Claim Period")[3] to file requests for payment pursuant to section 503 of the Bankruptcy Code (a "Request for Payment") shall be **February 21, 2019 at 5:00 p.m. (Prevailing Eastern Time) (the "Chapter 11 Administrative Claim Bar Date")**.

    **The Governmental Bar Date.**  The deadline for all Governmental Units to file Proofs of Claim and Requests for Payment shall be **April 10, 2019 at 5:00 p.m. (Prevailing Eastern Time) (the "Governmental Bar Date")**.

    **You should consult an attorney if you have any questions, including whether to file a Proof of Claim or a Request for Payment.  If you have any questions with respect to this Notice, you may contact undersigned counsel for the Trustee.**

## I.  WHO MUST FILE A PROOF OF CLAIM OR A REQUEST FOR PAYMENT

    You **MUST** file a Proof of Claim in accordance with the procedures approved by the Bankruptcy Court and set forth in this Notice in order to assert a Prepetition Claim, and it is not a claim described in Section II below.

    You **MUST** file a Request for Payment in accordance with the procedures approved by the Bankruptcy Court and set forth in this Notice in order to assert a Chapter 11 Administrative Claim that

---

[2]  For purposes of this Order and the Chapter 11 Administrative Claim Bar Date, the defined term "Chapter 11 Administrative Claim" shall not include any claims under section 503(b)(9) of the Bankruptcy Code, which claims, if any, are subject to the Prior Prepetition Claim Bar Date and the General Bar Date.

[3]  For clarification, the Chapter 11 Administrative Period begins at 12:00 a.m. (Prevailing Eastern Time) on December 13, 2012 (the day immediately following the last date of the Prior Chapter 11 Administrative Claim Period), and ends on 11:59 p.m. (Prevailing Eastern Time) on June 4, 2018 (the day immediately prior to the Conversion Date).

arose during the Chapter 11 Administrative Claim Period, and it is not a claim described in Section II below.

## II. WHO IS NOT REQUIRED TO FILE A PROOF OF CLAIM OR A REQUEST FOR PAYMENT

The following persons and entities are not required to file a Proof of Claim:

(a) any person or entity that has already timely and properly filed a Proof of Claim asserting a Prepetition Claim against one or more of the Debtors' Estates in a form and manner substantially similar to that described in this Notice;

(b) any person or entity whose Prepetition Claim has been allowed by order of the Bankruptcy Court entered on or before the General Bar Date or, if applicable, the Governmental Bar Date; and

(c) any person or entity holding a Chapter 11 Administrative Claim (such Chapter 11 Administrative Claim should be asserted in a Request for Payment as set forth in this Notice).

**You should not file a Proof of Claim if you do not have a Prepetition Claim against any of the Debtors' Estates. Your receipt of this Notice does not mean that you have a Prepetition Claim (or any claim) or that the Trustee or the Bankruptcy Court believes that you have a Prepetition Claim (or any claim).**

The following persons and entities are not required to file a Request for Payment:

(a) the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

(b) Governmental Units holding claims covered by section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code;[4]

(c) any person or entity that has already timely and properly filed a Request for Payment asserting a Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period against one or more of the Debtors' Estates in a form and manner substantially similar to that described in this Notice;

(d) any person or entity whose Chapter 11 Administrative Claim that arose during the Chapter 11 Administrative Claim Period has been allowed by order of the Bankruptcy Court entered on or before the Chapter 11 Administrative Claim Bar Date; and

(e) any person or entity holding an administrative expense claim that accrued or arose on or after the Conversion Date.[5]

---

[4] See DEL. BANKR. L.R. 3002-1(a) ("Notwithstanding any provision of a plan of reorganization, any motion, notice or court order in a specific case, the government shall not be required to file any proof of claim or application for allowance for any claims covered by section 503(b)(1)(B), (C), or (D).")

[5] To the extent necessary, the Trustee reserves the right to seek authority from the Bankruptcy Court to establish a chapter 7 administrative claim bar date at a later date.

4815274v3

**You should not file a Request for Payment if you do not have a Chapter 11 Administrative Claim against any of the Debtors' Estates.  Your receipt of this Notice does not mean that you have a Chapter 11 Administrative Claim (or any claim) or that the Trustee or the Bankruptcy Court believes that you have a Chapter 11 Administrative Claim (or any claim).**

### III. HOW TO FILE AND SERVE PROOFS OF CLAIM AND REQUESTS FOR PAYMENT

To file a Proof of Claim, a party asserting a Prepetition Claim must follow the procedures set forth below:

(a) Each Proof of Claim must:  (i) comply substantially with Official Bankruptcy Form B 410; (ii) be in writing and signed by the party asserting the Prepetition Claim or an authorized agent of such party; (iii) include supporting documentation; (iv) be in the English language; and (v) be denominated in United States currency.

(b) Each Proof of Claim must specify by name the Debtor's(s') Estate(s) against which a Prepetition Claim is asserted.

(c) Each Proof Claim may be filed either electronically or as a paper document with the Bankruptcy Court, but must be filed by the General Bar Date or, if applicable, the Governmental Bar Date.  Additionally, each Proof of Claim should be filed only in the Bankruptcy Case(s) of the particular Debtor's(s') Estate(s) against which a Prepetition Claim is asserted in a Proof of Claim.

For more information on how to file a Proof of Claim or to obtain a copy of Bankruptcy Form B 410, visit the Bankruptcy Court's website at www.deb.uscourts.gove/claims-information.

To file a Request for Payment, a party asserting a Chapter 11 Administrative Claim must follow the procedures set forth below:

(a) Each Request for Payment must:  (i) comply with section 503 of the Bankruptcy Code, the Bar Date Order and this Notice; (ii) be in writing and signed by the party asserting the Chapter 11 Administrative Claim or an authorized agent of such party; (iii) set forth with specificity all factual and legal bases supporting the asserted Chapter 11 Administrative Claim; (iv) include supporting documentation (or, if voluminous, include a summary of supporting documents, an explanation as to why such documentation is not included, and a concise description of the means by which the Trustee can reasonably and expeditiously obtain such supporting documents); (v) be in the English language; and (vi) be denominated in United States currency.

(b) Each Request for Payment must specify by name the Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted.

(c) Each Request for Payment must be filed with the Bankruptcy Court by the Chapter 11 Administrative Claim Bar Date or, if applicable, the Governmental Bar Date.  Additionally, each Request for Payment should be filed only in the Bankruptcy Case(s) of the particular Debtor's(s') Estate(s) against which a Chapter 11 Administrative Claim is asserted in a Request for Payment.

 (d) Each Request for Payment must also be served upon, so as to be actually received by, undersigned counsel for the Trustee by the Chapter 11 Administrative Claim Bar Date via regular mail, overnight mail, hand delivery or electronic mail as follows:

**If by First Class Mail, Overnight Mail or Hand Delivery:**

> David Dormont, Esq.
> Gregory T. Donilon, Esq.
> MONTGOMERY McCRACKEN WALKER & RHOADS LLP
> 1105 North Market Street, Suite 1500
> Wilmington, DE  19801
>
> RE:  In re Jevic Holding Corp., Case No. 08-11006-BLS
> Request for Payment/Chapter 11 Administrative Claim

**If by Electronic Mail:**

> ddormont@mmwr.com **and**
> gdonilon@mmwr.com
>
> SUBJECT:  In re Jevic Holding Corp., Case No. 08-11006-BLS
> Request for Payment/Chapter 11 Administrative Claim

## IV. CHAPTER 11 CASE PROFESSIONALS

All professionals employed in the Bankruptcy Cases prior to the Conversion Date pursuant to section 327, 328 and/or 1103 of the Bankruptcy Code (the "Professionals") who hold a Chapter 11 Administrative Claim for accrued and unpaid professional fees and expenses not approved by order of the Bankruptcy Court before the Chapter 11 Administrative Claim Bar Date **MUST** file a Request for Payment as set forth above in this Notice.

In addition, to the extent not already filed, all Professionals **MUST** file fee applications subject to notice and a hearing, as required by the Bankruptcy Code, applicable Bankruptcy Rules and local rules, and any applicable orders of the Bankruptcy Court, by the Chapter 11 Administrative Claim Bar Date. The allowance of the Professionals' fees and expenses shall be considered and heard at a noticed hearing on fee applications, whether in connection with the hearing on approval of the Trustee's final report or otherwise.

## V. EFFECT OF FAILURE TO FILE A TIMELY REQUEST FOR PAYMENT

**ANY POTENTIAL HOLDER OF A PREPETITION CLAIM OR A CHAPTER 11 ADMINISTRATIVE CLAIM AGAINST ANY OF THE DEBTORS' ESTATES WHO RECEIVES THIS NOTICE (WHETHER SUCH NOTICE IS ACTUALLY OR CONSTRUCTIVELY RECEIVED) AND IS REQUIRED, BUT FAILS, TO FILE A PROOF OF CLAIM OR A REQUEST FOR PAYMENT, AS APPLICABLE, IN ACCORDANCE WITH THIS NOTICE, (A) SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEIR ESTATES AND (B) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE ESTATES WITH RESPECT TO SUCH PREPETITION CLAIM OR CHAPTER 11 ADMINISTRATIVE CLAIM.**

4815274v3

### VI. NO REQUEST FOR SCHEDULING OF HEARING

Notwithstanding section 503(b) of the Bankruptcy Code, any Requests for Payment (and Professional fee applications) **MUST** be filed without a scheduled hearing date and response deadline or a request by the claimant for a scheduled hearing. To the extent a Chapter 11 Administrative Claim is disputed by the Trustee, and such dispute cannot be resolved consensually by the Trustee and the claimant, the Trustee will: (a) file an objection to the claimant's Request for Payment; (b) schedule a hearing on such objection and the affected Request for Payment; and (c) provide notice to the affected claimant of the Trustee's objection and scheduled hearing.

### VII. SOLE AND EXCLUSIVE METHOD

The procedures set forth in this Notice are the sole and exclusive method for the assertion of any Chapter 11 Administrative Claim that is required to be filed, and all claimants asserting a Chapter 11 Administrative Claim are prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

### VIII. RESERVATION OF RIGHTS

Nothing contained in the Bar Date Order, this Notice or any actions taken by the Trustee pursuant thereto is intended or should be construed as: (a) an admission as to the validity, status, amount or priority of any particular claim asserted against one or more of the Debtors or their Estates; (b) a waiver of the Trustee's rights to dispute any particular claim on any grounds; (c) a promise or obligation to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Notice; or (e) a waiver or limitation of the Trustee's rights under the Bankruptcy Code or any other applicable law.

Dated: December 5, 2018
      Wilmington, Delaware      By:    **MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**

*/s/ Gregory T. Donilon*
Natalie D. Ramsey (DE No. 5378)
Gregory T. Donilon (DE No. 4244)
David Dormont (admitted *pro hac vice*)
1105 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 504-7800
Facsimile: (302) 504-7820
nramsey@mmwr.com
gdonilon@mmwr.com
ddormont@mmwr.com

*General Bankruptcy Counsel for*
*George L. Miller, Chapter 7 Trustee*

4815274v3